PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: ROBERTA SPENCE,

*Debtor.*

ROBERTA SPENCE,

*Plaintiff-Appellant,*

v.

EDUCATIONAL CREDIT MANAGEMENT
CORPORATION,

*Defendant-Appellee.*

No. 06-2114

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(1:06-cv-00041-GBL; 05-BK-01207-RGM)

Argued: March 20, 2008

Decided: July 30, 2008

Before TRAXLER, Circuit Judge,
HAMILTON, Senior Circuit Judge, and
David R. HANSEN, Senior Circuit Judge
of the United States Court of Appeals
for the Eighth Circuit, sitting by designation.

Affirmed by published opinion. Senior Judge Hansen wrote
the opinion, in which Judge Traxler and Senior Judge Hamilton joined.

FILED
2008 OCT 1    A 8: 51
U.S. DISTRICT COURT
ALEXANDRIA DIVISION
CLERK
U.S. BANKRUPTCY COURT

RECEIVED
SEP 2 6 2008
Clerk, U.S. Bankruptcy Court
Eastern District of Virginia

2                          In Re: Spence

## COUNSEL

**ARGUED:** K. Cameron Currie, WAKE FOREST UNIVER-SITY, School of Law, Winston-Salem, North Carolina, for Appellant. Troy A. Gunderman, EDUCATIONAL CREDIT MANAGEMENT CORPORATION, St. Paul, Minnesota, for Appellee. **ON BRIEF:** John J. Korzen, Jessica M. Golden, WAKE FOREST UNIVERSITY, School of Law, Appellate Advocacy Clinic, Winston-Salem, North Carolina, for Appellant. Rand L. Gelber, Vienna, Virginia, for Appellee.

## OPINION

HANSEN, Senior Circuit Judge:

Roberta Spence appeals the judgment of the district court, which reversed the bankruptcy court's decision to discharge her federally guaranteed student loan debt to the Educational Credit Management Corporation (ECMC). The district court concluded that Ms. Spence has not demonstrated that repayment "would impose an undue hardship" within the meaning of the statute. 11 U.S.C. § 523(a)(8) (2000). We affirm the judgment of the district court.

### I.

Roberta Spence was born in July 1941. For over thirteen years she was employed by the Internal Revenue Service (IRS), and she ran her own business for a time. In January 1983, she enrolled in Cloud County Community College, where she studied computer science and began to incur student loan debt to pay for her education. She subsequently attended Wichita State University, where she earned a general studies bachelor's degree in December 1986 and a master of arts degree in sociology in July 1989. Unable to secure relevant employment in her chosen field, Spence entered into a

Ph.D. program at American University in Washington, D.C. She completed her course work for the Ph.D. but did not complete her dissertation, and she was no longer a student as of 2000.

For short intervals, Ms. Spence worked for the American University's social science research laboratory, the Department of Housing and Urban Development, and the American Association of Retired People. She also worked some temporary clerical positions and was unemployed for a period of time. She finally obtained full-time employment with E*Trade in August 2005, where she now works as a mail services specialist earning approximately $26,000 annually. She also receives social security retirement benefits of $267 per month.

Ms. Spence estimates her total net income at $1676 per month, after deductions that include life insurance and contributions to a 401K plan, and she estimates her expenses at $1798 per month. (J.A. at 34.) Her rent is $905 per month and other expenses include food, delinquent taxes, medication to treat high blood pressure and diabetes, laundry, and entertainment. She has not sought other employment or updated her resume since obtaining full-time employment with E*Trade. She testified that she is not actively seeking other employment.

Ms. Spence currently owes ECMC approximately $161,000 in the form of federally guaranteed student loan debt. She sought and received loan deferments and forbearances through December 31, 2004. Although she paid off the Perkins Loans that she received while attending Cloud County Community College and made partial payments on Perkins Loans that she received while attending Wichita State, Ms. Spence has not made a single payment on the 31 different loans currently held by ECMC.

Ms. Spence filed a petition for relief under Chapter 7 of the Bankruptcy Code on December 31, 2004. She sought to have

4                        IN RE: SPENCE

her student loan debt discharged, claiming that requiring repayment would impose an undue hardship on her. Applying the *Brunner* test as adopted by the Fourth Circuit in *Educational Credit Mgmt. Corp. v. Frushour (In re Frushour)*, 433 F.3d 393, 400 (4th Cir. 2005)(adopting the three-part undue hardship test of *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987)), the bankruptcy court concluded (1) that Ms. Spence cannot currently maintain a minimal standard of living if forced to repay her loans, (2) that additional circumstances exist indicating that her situation is likely to persist for a significant portion of the repayment period, and (3) that Ms. Spence made a good faith effort to repay the loans. The bankruptcy court therefore discharged all of her student loan debt.

ECMC appealed to the district court, which reversed the bankruptcy court's decision to discharge the debt for undue hardship. Specifically, the district court concluded that the bankruptcy court erred in concluding that Ms. Spence had met the second and third *Brunner* factors. The district court found that Ms. Spence articulated no "additional circumstances" beyond her age and current financial distress that would prevent her from repaying her loans, and that she had not shown good faith efforts to repay her student loans.

Ms. Spence sought rehearing in the district court, *see* Fed. R. Bankr. P. 8015, arguing in part that the district court's undue hardship analysis was contrary to the facts presented and the law applicable to this case. The district court denied rehearing, and Ms. Spence appeals.

II.

ECMC first asserts that we lack jurisdiction to consider the merits of the underlying judgment reversing the bankruptcy court's order because Spence's notice of appeal designated only the district court's order denying her motion for rehearing and not the final order denying a discharge for undue

hardship. Rule 3 of the Federal Rules of Appellate Procedure requires a notice of appeal to "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). We liberally construe Rule 3(c)'s requirements concerning the sufficiency of the notice of appeal "to avoid technical impediments to appellate review." *Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005) (internal marks omitted). The "designation of a postjudgment motion in the notice of appeal is adequate to support a review of the final judgment when the intent to do so is clear." *Brown v. French*, 147 F.3d 307, 311 (4th Cir.), *cert. denied*, 525 U.S. 1025 (1998). Such an intent is clear where the appellant addresses "the merits of a particular issue in her opening brief," thereby providing the appellees "notice of the issue and the opportunity to fully brief it." *Bogart*, 396 F.3d at 555. *Cf. Foman v. Davis*, 371 U.S. 178, 181 (1962) (concluding intent to appeal the merits was manifest where both parties briefed and argued the merits of the judgment and the opposing party was not misled or prejudiced). Compliance is found where "'the litigant's action is the functional equivalent of what the rule requires.'" *Smith v. Barry*, 502 U.S. 244, 248 (1992) (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988)).

The circumstances in this case indicate that the functional equivalent of what the rule requires has been satisfied. Ms. Spence filed a timely pro se notice of appeal designating the district court's ruling on her rehearing motion, and a major issue in that motion was the merits of the district court's undue hardship analysis. Both parties briefed the merits of this issue on rehearing before the district court, so the merits would be integral to a review of the denial of rehearing. Additionally, Ms. Spence's opening brief in this appeal likewise included the undue hardship issue, and ECMC fully briefed it on appeal as well. Although ECMC clearly challenged up front Spence's failure to specifically designate the final judgment in the notice of appeal, the issue was not unanticipated, there is no claim that ECMC was misled by the contents of the notice of appeal, and it has suffered no prejudice. We con-

clude that we have jurisdiction to address the merits of the underlying judgment.

## III.

Government-guaranteed student loan debt is ordinarily not dischargeable in bankruptcy unless the debtor and the debtor's dependents would suffer an undue hardship if repayment is required. 11 U.S.C. § 523(a)(8). The issue in this case is whether requiring Ms. Spence to repay her student loans would impose an undue hardship. The debtor seeking a discharge bears the burden of proving that she meets all three factors of the undue hardship test by a preponderance of the evidence. *Educ. Credit Mgmt. Corp. v. Mosko (In re Mosko)*, 515 F.3d 319, 324 (4th Cir. 2008); *Frushour*, 433 F.3d at 400. We review the bankruptcy court's decision directly, applying a de novo standard of review to the legal conclusion that the debtor met the undue hardship standard and reviewing the underlying findings of fact for clear error. *Frushour*, 433 F.3d at 398-99. The underlying findings of fact are not challenged in this appeal; consequently, we review only the bankruptcy court's legal conclusion that Ms. Spence satisfied the factors of the undue hardship test.

In order to prove an undue hardship within the meaning of the statute, the *Brunner* test requires Ms. Spence to demonstrate: (1) that she cannot maintain a minimal standard of living if forced to repay the loans given her current income and expenses; (2) that additional circumstances indicate that this situation is likely to persist throughout the student loan repayment period; and (3) that she has made good faith efforts to repay the loans. *See id.* at 400. That Ms. Spence satisfied the first *Brunner* factor is not questioned. ECMC challenges the bankruptcy court's conclusion that she met the second and third factors.

The second factor, whether "additional circumstances" exist to indicate that the debtor's situation is likely to persist

IN RE: SPENCE                                                          7

for a significant portion of the loan repayment period, "is the heart of the *Brunner* test." *Frushour*, 433 F.3d at 401. This factor "most clearly reflects the congressional imperative that the debtor's hardship must be more than the normal hardship that accompanies any bankruptcy." *Id.* We have characterized this as "a demanding requirement" necessitating "a certainty of hopelessness" which confirms that the debtor will not be able to repay the loans. *Id.* (internal marks omitted).

We conclude that Ms. Spence has not met this exacting standard. She is now in her late 60s and has a low-paying job, but she is by all accounts a reliable, diligent worker with a master's degree along with completed Ph.D. course work. Her grades were excellent, and her education is not so outdated that higher-paying alternatives would be unreachable. Ms. Spence suffers from diabetes and high blood pressure, but neither these ailments nor any other age-related health problems affect her ability to work full-time. She has had difficulty obtaining a higher paying position, but she has not actively sought other employment or even updated her resume since obtaining the full-time job at E*trade. We have said that "[h]aving a low-paying job . . . does not in itself provide undue hardship, especially where the debtor is satisfied with the job, has not actively sought higher-paying employment, and has earned a larger income in previous jobs." *Id.* We are not unsympathetic to the disadvantages of her current circumstances, but the facts point to no "additional circumstances," outside of the normal hardships faced by bankruptcy petitioners, that would render her situation hopeless.

The third factor, which requires a showing that the debtor has made a good faith effort to repay the loans, "looks to the debtor's efforts to obtain employment, maximize income, and minimize expenses." *Id.* at 402 (internal marks omitted). Additionally, "the debtor's hardship must be a result of factors over which she had no control," and "her effort to seek out loan consolidation options that make the debt less onerous

is an[other] important component of the good-faith inquiry." *Id.; see also Mosko,* 515 F.3d at 324.

As already noted, the facts do not show that Ms. Spence has made a good faith effort to maximize her income. She is highly educated yet appears to be satisfied working as a mail services specialist for E*Trade. She has not made efforts to continue pursuing a more lucrative line of work and admitted she was not presently pursuing other work at all. Also, Ms. Spence did not fully explore the possibility of loan consolidation programs that offer reduced payments based upon the debtor's limited income. She made efforts to obtain available deferments and forebearances, but after they expired, she immediately filed for bankruptcy and has not made one payment on any of the loans held by ECMC. Obtaining the deferment of student loans is not sufficient to demonstrate a good faith effort to repay them when the deferment is followed by not one payment or any effort to work out a reasonable payment schedule. *See id.* at 326-27; *see also Brunner,* 831 F.2d at 397 (finding no good faith effort where debtor filed for discharge within one month of the date the first payment came due on her loans). Furthermore, her choice to repay some of the Perkins Loans does not demonstrate a good faith effort to repay the student loans held by ECMC.

We have noted before that "[d]ebtors receive valuable benefits from congressionally authorized loans, [and] Congress in turn requires loan recipients to repay them in all but the most dire circumstances." *Frushour,* 433 F.3d at 399. "This heightened standard protects the integrity of the student-loan program . . ." and "prevent[s] debtors from easily discharging their debts at the expense of the taxpayers who made possible their educations." *Id.* at 400. We conclude that Ms. Spence has not met her burden to demonstrate either additional circumstances rendering her situation hopeless or that she has made a good faith effort to repay her loans.

IN RE: SPENCE                                                                                      9

## IV.

Accordingly, the bankruptcy court erred in concluding that Ms. Spence demonstrated an undue hardship that entitled her to the discharge of her student loans. We affirm the judgment of the district court and hold that Ms. Spence's student loans held by ECMC are not dischargeable.

*AFFIRMED*